CARROLL J. DeCOTEAU, Associate Justice, dissenting.
I respectively dissent.
However, for the most part, I do concur with the rational supporting the majority’s opinion of Appeal # 285. It is true that the tribal court properly instructed the jury after the reading of the complaint and, ordinarily those instructions would offset any prejudice caused by the reading of a complaint, provided that the complaint *154 contained only the essential elements required by our C.C.O.J. Inasmuch as the complaint in this case went far beyond the essential elements, I cannot agree that the remedial instruction was sufficient to negate potential juror prejudice.
The complaint in this instance contains more information than is required by the C.C.O.J. Title II Sec. 101(b), which states:
“Complaints shall contain:
(1) A written statement of the violation describing in ordinary language the nature of the offense committed, including the time and place as nearly as may be ascertained. Statements or affidavits by persons having personal knowledge may be expressly referenced in and attached to the complaints.
(2) The name and description of the person(s) alleged to have committed the offense.
(3) A statement describing why the Court has personal jurisdiction of the defendant
(4) A desci'iption of the offense charged.
(5) The signature of the prosecutor sm to before a judge.”
Additionally, the complaint herein goes far beyond the essential elements under Montana Law,
MCA 46-11-401:
_“Form of charge;
The charge must be in wilting and in the name of the state or the appropriate municipality and must specify the court in which the charge is filed. The charge must be a plain, concise, and definite statement of the offense charged, including the name of the offense, whether the offense is a misdemeanor or felony, the name of the person charged, and the time and place of the offense as definitely as can be determined. The charge must state for each count the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.”
Similarly under federal law the complaint goes beyond the necessary information as stated in 18 U.S.C. Appendix Rules Of Criminal Procedure Rule 3.
_“Rule 3. The Complaint
The complaint is a written statement of essential facts constituting the offense charged. It shall be made upon oath before a magistrate judge.”
It is obvious that the complaint herein, read to the jury in its entirety, goes beyond the essential elements, containing hearsay that is not covered under the hearsay exceptions rule.
It is true the defendant’s counsel did not object to the surplusage that was contained in the complaint, nor did counsel move to strike the surplusage from the complaint. This can be attributed to the uniqueness of the Tribal Court itself. The Court allows lay advocates to practice before the Court. Because the court is designed to allow lay advocates to practice, mistakes Y..;ll be made. Most criminal matters are handled by these same lay advocates. Accordingly, this Court must make take into account appropriate exceptions and allowances in its’ rulings. I pose the question, should we punish the defendant for mistakes made by counsel? In this case I simply cannot hold the defendant responsible for mistakes made by tribally appointed counsel.
After reviewing the criminal complaint that was read to the jury. I conclude, that it was prejudicial towards the defendant, and that, the instructions given to the jury, were not sufficient to overcome that prejudice. I believe this matter should be re *155 versed and remanded back to the Tribal Court for a retrial.